# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BILL MAX OVERTON,

        Plaintiff,

v.                                                                                                                No. CIV 99-0585 BB/RLP

CARLOS SANCHEZ,

        Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's motion to dismiss and/or for summary judgment (Doc. 4). The Court has reviewed the submissions of the parties and the relevant law and, for the reasons set forth below, finds that the motion to dismiss should be GRANTED.

Defendant is an employee of the Internal Revenue Service ("IRS"). Defendant was the IRS agent involved in a tax dispute between Plaintiff and the IRS. Following proceedings in tax court, and a decision unfavorable to Plaintiff, Defendant caused a levy to issue against a bank account owned by Plaintiff. As a result, Plaintiff filed a lawsuit against the United States in this District. *See Overton v. United States*, 2000 WL 14274 (10th Cir., unpublished opinion). Plaintiff's lawsuit was dismissed on February 10, 1999, pursuant to the district court's conclusion that some of Plaintiff's claims lacked merit as a matter of law, and others were subject to summary judgment. *See id.* Plaintiff appealed that dismissal, but his appeal was unsuccessful. *See id.*

Following the district court's dismissal of Plaintiff's prior action, but before the Tenth Circuit's affirmance of that action, Plaintiff filed this lawsuit against Defendant. Almost all the claims brought in this lawsuit are identical to the claims Plaintiff sought to raise in his suit against the United

States.¹ The main difference between the two cases is that Plaintiff is now seeking to raise his claims against an individual IRS agent rather than the government of the United States.

Defendant argues he is immune from lawsuits such as this one, because IRS agents are entitled to immunity for actions taken in the course and scope of their employment. Plaintiff maintains this is not correct, and contends he may bring a *Bivens* action against Defendant. Plaintiff's argument is without merit. In the Tenth Circuit, and in other Circuits as well, a *Bivens* action cannot be maintained against individual IRS agents engaged in tax assessment and collection activities. *See Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997); *Christensen v. Ward*, 916 F.2d 1462, 1476 (10th Cir. 1990); *National Commodity and Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir. 1989); *see also, e.g., Vennes v. An Unknown Number of Unidentified Agents of the United States*, 26 F.3d 1448, 1453-54 (8th Cir. 1994) (citing cases from different Circuits). No lawsuit against an individual IRS agent may be brought by a taxpayer who disagrees with a tax assessment or collection action. Instead, an aggrieved taxpayer must pursue his statutory remedies, as Plaintiff did in his previous litigation in tax court and in his lawsuit against the United States. *Id.*² Plaintiff

---

¹Plaintiff seeks to raise three additional claims in this case that were not raised, at least at the district court level, in his prior lawsuit. First, Count 16 of his complaint maintains he owed no taxes, so a tax lien filed in Dona Ana County, New Mexico, was filed solely to harass him. Second, in one of his submissions to this Court, entitled "Additions to the Complaint," Plaintiff seeks to add two claims: that the statute of limitations had expired on an erroneous refund issued by the United States, making the levy on his bank account unlawful, and that the IRS was precluded from auditing his tax returns for two consecutive years.

²The only exception to this rule is where IRS agents infringe on some separate constitutional interest, other than the interest in avoiding erroneous tax-related decisions. For example, if a taxpayer were targeted for audit due to the taxpayer's exercise of First Amendment rights, a *Bivens* action might be available to address such a violation of the Constitution. *See Gibbs,* 886 F.2d at 1248; *Pleasant v. Lovell*, 876 F.2d 787 (10th Cir. 1989). Also, if an IRS agent entered a taxpayer's home without a warrant and seized evidence, a *Bivens* action against that agent might lie. The crucial distinguishing feature between such claims and the claims Plaintiff seeks to raise is the fact that, for

2

may not now bring a separate lawsuit against an individual IRS agent, in an effort to re-litigate the same issues he has already raised and lost in his prior lawsuit against the United States.[3] Therefore, Defendant's motion to dismiss or for summary judgment will be granted, and this case dismissed.

An order in accordance with this memorandum opinion will issue.

Dated this 11th day of April, 2000.

                                                                     BRUCE D. BLACK
                                                                     United States District Judge

---

First Amendment and Fourth Amendment claims, there is no well-established statutory scheme available to remedy violations. Plaintiff's claims, on the other hand, all concern his tax dispute with the United States and the resulting levy on his bank account. As Plaintiff has already established by pursuing his statutory remedies, an elaborate procedure is available by which a taxpayer may challenge such IRS actions. For this reason, no *Bivens* action is available in this case against Defendant, who is accused only of violating the tax code and IRS regulations, and of thereby effectuating a wrongful and unconstitutional levy on Plaintiff's bank account. Although Plaintiff has conclusorily asserted a Fourth Amendment violation, the allegations of the complaint make it plain he is merely attempting to again challenge the legality of the IRS actions taken against him, rather than raise a distinct constitutional claim for which he had no statutory remedy.

[3]In addition to the immunity argument raised by Defendant, Defendant also claims he is entitled to judgment on the basis of issue preclusion. He points out that Plaintiff has already litigated and lost virtually identical claims in the previous litigation against the United States. The Court agrees that most, if not all, of Plaintiff's issues would be barred under the issue-preclusion doctrine, but need not address that question because the entire lawsuit must be dismissed on the basis of Defendant's immunity from suit.